proposition that the commissioner was without power to impose such punishment. We think that he clearly had the power, under section 288 of the Greater New York charter (Laws 1901, p. 122, c. 466), which, in part, provides:

"Roundsmen shall be selected from among patrolmen of the first grade, but roundsmen may be reduced to the grade of patrolmen at any time by the police commissioner after due trial upon charges, the determination of which may be reviewed by writ of certiorari."

We also think that the evidence was sufficient to sustain the finding.

The determination should be confirmed, with costs.

---

(100 App. Div. 36)

### HOLMES v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. CARRIERS—LOSS OF BAGGAGE—LIMITING LIABILITY.

Under a contract of carriage, limiting the carrier's liability to $100 for loss of baggage, unless a declaration of the value thereof in excess of such sum be made by the passenger "at or before the issue of this contract or at or before the delivery of said luggage to the ship," the declaration need not be made before delivery of the baggage on the ship; and, the baggage having been delivered to the carrier's employés on the wharf without such declaration, for the purpose of having it placed on the ship, and it not having been placed thereon, the limitation does not apply.

Stover, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Helen S. Holmes against the North German Lloyd Steamship Company. From a judgment for plaintiff for $666.01, costs and damages, entered after a trial without a jury, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Joseph Larocque, Jr., for appellant.
Loren L. Lewis, for respondent.

HISCOCK, J. The defendant sold and issued a ticket to the plaintiff for the transportation of herself and infant daughter by one of its steamships from New York to Cherbourg. Upon September 17, 1903, plaintiff proceeded to the defendant's wharf for the purpose of embarking, and had with her two steamer trunks and three pieces of hand luggage, including two suit cases, which are involved in this action. When she alighted at the wharf, and with her husband was about to carry said hand luggage aboard the steamer, the same was taken by the employés of the defendant, with the assurance that it would be duly placed on board the steamer. The suit cases were not so placed on board, and, after their delivery as aforesaid upon the wharf to defendant's employés, plaintiff never saw them, and this action was brought to recover the value thereof.

The defendant urged in defense to the claim and action brought thereon a clause contained in the ticket issued by it as aforesaid which reads as follows:

"It is also agreed that neither the shipowner, nor the passage broker or agent nor the ship, is in any case liable for loss of or injury to or delay in delivery of luggage or personal effects of the passengers beyond the amount of one hundred dollars ($100), unless the value of the same in excess of that sum be declared at or before the issue of this contract, or at or before the delivery of said luggage to the ship, and freight at current rates for every kind of property is paid thereon."

No question was made upon the trial by the defendant but that the suit cases were delivered to the defendant's employés as claimed by plaintiff, and thereafter lost, and never restored to the plaintiff. The only defense urged was the alleged limitation of defendant's liability to $100, upon the ground that no declaration had been made of extra value; it being conceded, however, subject to this defense, that the value of the property lost was $600.

We think that the trial justice was correct in disallowing defendant's claim of a limited liability, and that the judgment appealed from should be affirmed.

It is urged by the counsel for the respondent that the clause quoted from the ticket issued by defendant is not applicable to the species of luggage lost by plaintiff. We shall, however, assume that it is applicable; considering as the only question whether, under its language, plaintiff has been limited to a claim of $100.

The principle is well settled that contracts like the one before us, limiting the liability of railroads and steamship lines, are to be construed strictly against the carrier. This contract prohibited plaintiff from establishing a claim in excess of $100 unless she made a declaration of such excess "at or before the issue of this contract or at or before the delivery of said luggage to the ship." We think it is fair to construe the latter words as meaning that she might make it at or before delivery upon the ship itself, as distinguished from a delivery upon the wharf, in process of having her baggage placed upon the ship. At the time her suit cases were taken from her upon the wharf, it was for the purpose of having the same placed upon the ship. There was nothing which called upon her at the moment of delivery upon the wharf to make her declaration, but she had a right to assume that her luggage would follow her upon the ship, where, under the terms of her contract, if she desired, she might make a declaration of excess of value to the proper officer. This she has been prevented from doing by the fault of the defendant's agents and employés, who failed to keep their agreement and deliver the articles as promised. Under these circumstances, it seems quite clear that she was relieved from making her declaration; and, having been prevented by the fault of the defendant and its employés from complying with the requirements of the limiting clause, she is not prohibited thereby from maintaining her action.

The judgment should be affirmed, with costs. All concur, except STOVER, J., who dissents in memorandum.

STOVER, J. (dissenting). The complaint seeks to charge defendant under the contract for passage, and alleges a failure to deliver baggage as a carrier. It is alleged that the suit cases were delivered to the baggage master of defendant upon the wharf or dock from which the steamer was to sail. This, I think, was a delivery to the ship under the contract. The plaintiff had ample opportunity to declare the value of the property delivered, and thus protect both herself and the company. She was bound by the contract to declare it at the time of delivery, and, failing, cannot recover the excess value.

I think the judgment should be reversed, and judgment directed for $100.